**IN THE COURT OF APPEALS OF IOWA**

No. 13-2036
Filed October 1, 2014

**CELIA I. DRAYFAHL,**
        Plaintiff-Appellant,

**vs.**

**CITY OF WAPELLO,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Louisa County, Michael J. Schilling,

Judge.

        Celia Drayfahl appeals the district court's grant of a directed verdict in

favor of the City of Wapello on her claim of wrongful termination.  **AFFIRMED.**

        Roger A. Huddle of Weaver & Huddle, Wapello, for appellant.

        Stephen E. Ort of Bell, Ort & Liechty, New London, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

The district court granted a directed verdict in favor of the City of Wapello on Celia Drayfahl's claim of wrongful termination. On appeal Drayfahl argues her termination was in violation of public policy because the city failed to follow proper procedural guidelines as set forth by ordinance and statute. Because Drayfahl has not alleged she was terminated for engaging in any activity protected by a clearly defined policy, we affirm the district court's grant of directed verdict.

Celia Drayfahl was hired as city clerk for the City of Wapello in 2002. On August 12, 2011, the mayor came into Drayfahl's office and told her he and the personnel committee wanted to meet with her. She met with the mayor and two members of the personnel committee of the city council. She was handed a piece of paper that listed five alleged shortcomings on her part, and she was advised she could resign or be terminated. Drayfahl said she would not resign. The mayor told her she was terminated. Drayfahl asked if the termination was a city council decision. She was told it was not, but council approval was not needed. Drayfahl was then escorted to her office by the chief of police and was told to pack her personal belongings. After doing so, and as she was leaving the building, she told the mayor she needed signatures by the people that terminated her on the piece of paper provided to her at the meeting. The mayor and the two city council members signed it. Drayfahl stated, "[T]his doesn't say what happened." The mayor then wrote on the paper, "Celia was terminated on 8/12/11 for the reasons."

During a subsequent discussion with the city attorney the mayor learned that proper procedure had not been followed in Drayfahl's termination. The matter of Drayfahl's termination was taken up at the August 18, 2011 city council meeting. The city council voted to terminate Drayfahl as city clerk. Drayfahl was paid her salary and benefits without interruption through August 18, 2011.

Drayfahl filed a four-count petition against the city alleging: 1) wrongful termination, 2) breach of employment contract, 3) intentional infliction of emotional distress, and 4) a wage payment claim pursuant to Iowa Code chapter 91A (2011). The district court granted the city's motion for summary judgment on the breach of employment contract and the intentional infliction of emotional distress claims. The wrongful termination and wage payment claims proceeded to trial by jury, resulting in a verdict for Drayfahl on the wrongful termination claim and a finding of no liability on the wage payment claim. The city's motion for new trial was granted and a second jury trial was held. The district court granted the city's motion for directed verdict on Drayfahl's wrongful termination claim. The wage payment claim proceeded forward and resulted in a verdict in favor of Drayfahl. Drayfahl now appeals from the ruling on the motion for directed verdict.[1]

Our review of a directed-verdict ruling is for correction of errors at law. *Dorshkind v. Oak Place of Dubuque II, L.L.C.*, 835 N.W.2d 293, 299-300 (Iowa

---

[1] At the risk of sounding like a broken record, we note an all too frequently observed violation of the rules of appellate procedure: failure to place a witness's name at the top of each appendix page where that witness's testimony appears. *See* Iowa R. App. P. 6.905(7)(c).

2013). We review the evidence in the light most favorable to the nonmoving party. *Id.* at 300.

Drayfahl alleges the city wrongfully discharged her in violation of public policy.[2] "Wrongful discharge is an exception to Iowa's general rule that employment is at-will." *Jones v. Univ. of Iowa*, 836 N.W.2d 127, 144 (Iowa 2013). In order to succeed on her claim for wrongful discharge in violation of public policy, it is Drayfahl's burden to prove:

> (1) The existence of a clearly defined and well-recognized public policy that protects the employee's activity; (2) this public policy would be undermined by the employee's discharge from employment; (3) the employee engaged in the protected activity, and this conduct was the reason the employer discharged the employee; and (4) the employer had no overriding business justification for the discharge.

*Dorshkind*, 835 N.W.2d at 300. "The first two elements constitute questions of law to be determined by the court." *Id.* Examples of protected activities include enforcing a statutory right, refusing to participate in illegal activity, and whistleblowing. *See id.* at 300-01. Fatal to Drayfahl's wrongful termination claim is her failure to show, or even allege, she was terminated for engaging in any activity protected by public policy. Instead, her claim is that the city violated public policy in failing to follow its own termination procedures as mandated by statute and ordinance. The point is illuminated by the following colloquy between the court and Drayfahl's counsel at the directed verdict hearing:

---

[2] In its appellate brief, the city does not respond to Drayfahl's public policy claim, nor does it address Drayfahl's failure to meet her burden to show she was discharged for engaging in a protected activity. Instead, the focus of the city's argument is that Drayfahl was not in fact discharged on August 12, 2011, but was legally terminated by the city council "when it took action on August 18, 2011 to terminate her employment."

> Court: Under the case law that deals with wrongful termination based upon public policy,[3] the plaintiff has to show that the plaintiff was engaged in what's referred to as protected activity. What do you assert was the protected activity that Ms. Drayfahl was engaged in for which she was terminated?
>
> Drayfahl's Counsel: She had the right, as part of her employment, to expect that the employer would follow their procedures and policies, as would she.

The court then read to Drayfahl's counsel the first three elements of the tort of wrongful discharge, and again asked, "[W]hat was the protected activity that she was discharged for?" Counsel responded, "I think the activity is her employment," and again argued an employee had the right to expect an employer would follow its own policies.

> In granting the directed verdict, the trial court astutely observed:
>
> As part of its burden, the plaintiff must show that the employee engaged in protective activity and that that protective activity was the reason for the discharge. No such showing has been made in this case in the Court's judgment.
> . . . .
> And here, the plaintiff's argument really is I was terminated in violation of statute. There's really no argument that I was engaged in protective activity or activity that's protected by the clearly-defined policy of the state of Iowa.

We agree.

Drayfahl's claim, and argument on appeal, focuses only upon the city's actions in the process of her termination. She makes no showing, nor even an allegation, of the existence of a clearly defined and well-recognized public policy that protected *her* activity. Thus, the first element of the tort has not been met. Drayfahl has not shown, or alleged, that she was terminated for engaging in any

---

[3] The court was referring to the then recently decided *Dorshkind* and *Jones* cases; *Dorshkind* was filed twenty-five days before the hearing and *Jones* was filed four days before the hearing.

protected activity. Thus, the third element of the tort has not been met. Consequently, we affirm the district court's grant of directed verdict in favor of the City of Wapello on Drayfahl's wrongful termination claim.[4]

**AFFIRMED.**

---

[4] Drayfahl raises other claims on appeal. In light of our conclusion on the underlying merits of her wrongful termination claim, we need not address her other contentions.